UNITES STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | |
|---|---|
| LAURA ROMERO, | Index No.: 24-CV-346 |
| Plaintiff, | **COMPLAINT** |
| -against- | Plaintiff Demands Trial by Jury |
| CITY OF NEW YORK and NYPD POLICE OFFICER JOHN DOE | |
| Defendants. | |

-----------------------------------------------------------------X

Plaintiff, LAURA ROMERO, by and through her attorney, Alexis G. Padilla, Esq., complaining of the defendants, CITY OF NEW YORK and NYPD POLICE OFFICER JOHN DOE, upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff, LAURA ROMERO, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

1

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the Southern District of New York.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5. Plaintiff LAURA ROMERO resides in the State of New York and is of full age.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officer.

7. Defendant POLICE OFFICER JOHN DOE was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant P.O. JOHN DOE #1 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of their duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in them by the City of New York and the New York Police Department, and was otherwise performing and engaging in

conduct incidental to the performance of their lawful function in the course of their duty. They are sued individually and in their official capacity.

## STATEMENT OF FACTS

8. On or about October 21, 2023, at approximately 4:30 A.M., inside of the first-floor commercial space located at 80-26 Roosevelt Avenue in Queens, plaintiff LAURA ROMERO was working as a bartender when police officers, including the defendant POLICE OFFICER JOHN DOE, entered the space.

9. Unbeknownst to plaintiff, the bar she was working in was not licensed, and she was placed under arrest for illegally serving alcohol.

10. After plaintiff was placed in handcuffs, she was subjected to force by defendant POLICE OFFICER JOHN DOE, who assaulted plaintiff by slamming her face into the bar, pushing, punching and striking her with his knee.

11. Plaintiff suffered severe bruising to her right shoulder, chest, right leg, and buttocks.

12. At no time during the events described above did plaintiff commit any act for which the force used against her would be a reasonable response.

13. At no time during the events described above did defendant JOHN DOE have any legal justification to use the level of force deployed against plaintiff.

14. As a result of defendants' unnecessary and illegal use of force plaintiff, did suffer injury, including but not limited to the injuries described above.

## AS FOR A FIRST CAUSE OF ACTION

*Excessive Force as against defendant POLICE OFFICER JOHN DOE in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983*

15. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

16. At all times during the events described above defendants lacked probable cause to use force against plaintiff.

17. All of the aforementioned acts of defendants were carried out under the color of state law.

18. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

19. The acts complained of were carried out by defendants in their capacity as police officers, with all actual and/or apparent authority afforded thereto.

20. The acts complained of resulted in pain and injury to plaintiff.

21. The acts complained of deprived plaintiff of his right to be free from excessive force.

## AS FOR A SECOND CAUSE OF ACTION

***Municipal Liability pursuant to 42 U.S.C. § 1983 as against defendant CITY OF NEW YORK***

22. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

23. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff and is liable for the damages suffered by plaintiff as a result of the conduct of the defendants. The conduct of the defendants was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

24. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that

allowed for a police officer to arrest a citizen without probable cause and in flagrant violation of their sworn oath to uphold the Constitution.

25. At all times relevant to this Complaint, it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage the misuse of force as described in this Complaint.

26. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated. The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: January 17, 2024
New York, NY

By: */s/Alexis G. Padilla*
Alexis G. Padilla, Esq. [AP7400]
*Attorney for Plaintiff*
Laura Romero
378 Lewis Ave. #6
Brooklyn, NY 11233
(917) 238-2993
alexpadilla722@gmail.com