> Application granted. This case is hereby stayed. The parties shall jointly file a letter updating the Court on the status of the case no later than January 6, 2024.
>
> SO ORDERED.
>
> _____
> Hon. Ronnie Abrams
> September 25, 2024

**THE CITY OF NEW YORK**

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**Adam Bevelacqua**
*Senior Counsel*
Tel.: (212) 356-2105
Fax: (212) 356-3509
abevelac@law.nyc.gov

September 25, 2024

**BY ECF**
Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   Laura Romero v. The City of New York et. al., 24-CV-346 (RA)

Your Honor:

I am Senior Counsel in the Office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, and the attorney for defendant City of New York in the above-referenced case. I write, with the consent of plaintiff's counsel, Alex Padilla, to request a stay of these proceedings pending the outcome of a Civilian Complaint Review Board ("CCRB") proceeding related to the underlying incident in this case. A CCRB complaint, with complaint identification number 202310637, was filed on November 21, 2023, and that complaint has remained active as recently as September 19, 2024. This open investigation could affect representation of any named officer defendants in the future, and it would preclude our office from communicating with said officers during the pendency of the complaint.

Federal courts have inherent power and discretionary authority to stay a case if the interests of justice so require. See United States v. Kordel, 397 U.S. 1, 12 n.27 (1970); Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986); Volmar Distributors, Inc. v. The New York Post Co., Inc., 152 F.R.D. 36, 39 (S.D.N.Y. 1993). Here, the Court should stay the instant action because of the potential for a conflict of interests to arise between this office and the police officers involved in the alleged incident. New York State law governs the representation of employees of the City of New York by this office. Specifically, New York General Municipal Law § 50-(k)(2) provides that this office shall, upon their request, represent individual employees in civil actions arising out of any act or omission in the discharge of their duties. Pursuant to § 50-(k)(2), this office must first determine whether the individual employee "was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of

his agency at the time the alleged act or omission occurred." Id.  Moreover, best practices prevent this office from even communicating with the involved officers until the resolution of the CCRB investigation because, if they are found to have violated NYPD procedures, there will be a conflict of interests between this office and the individual officers.  As defendant City is a municipality, it can only communicate through its agents.  If this office cannot communicate with the individual officers, the City of New York cannot even offer a version of the events in question, let alone prepare an effective defense of the claims asserted by plaintiffs.

      Defendant City further submits that a stay is warranted because, until the CCRB investigation is resolved, the parties will not have access to the CCRB investigation file, which is vital to the progress of this litigation.  The law enforcement privilege prevents disclosure of a pending investigation in order to, *inter alia*, "safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." National Congress for Puerto Rican Rights v. The City of New York, et al. 194 F.R.D 88, 93 (S.D.N.Y.) (citing In re Dep't of Investigation of the City of New York, 856 F.2d 481, 484 (2d. Cir. 1988) (citations omitted)).  Thus, any documents pertaining to an active investigation are likely protected from disclosure by the law enforcement privilege.  Additionally, these records are likely protected from disclosure while the investigation is pending by the deliberative process privilege.  See Nat'l Council of La Raza v. Dep't of Justice, 411 F.3d 350, 356 (2d Cir. 2005) (inter-agency or intra-agency documents may be subject to the deliberative process privilege if they are both pre-decisional and deliberative) (internal citations and quotations omitted).  Consequently, the parties to this action will not have access to vital information, including witness statements, until the CCRB investigation is resolved.

      Courts have granted stays in these circumstances where a pending CCRB complaint exists. Jimmie Lloyd v. City of New York, et al., 14-CV-1589 (BMC) (LB) (Docket Entry No. 20) (E.D.N.Y. June 10, 2014) (granting temporary stay pending resolution of CCRB investigation over plaintiff's objection); Marco Ortiz v. City of New York, et al., 13-CV-7367 (LTS) (Docket Entry No. 20) (E.D.N.Y. June 9, 2014) (granting a stay pending the resolution of a CCRB investigation over plaintiff's objection). For the foregoing reasons, our office requests a stay in this matter pending the resolution of the CCRB case. I thank your honor for considering this application.

      Respectfully submitted,

      */S/ Adam Bevelacqua*

      Adam Bevelacqua
      *Senior Counsel*
      Special Federal Litigation Division

cc:    **By ECF**
      Alexis Padilla
      *Attorney for Plaintiff*